## JOSEPH MARZANO ET AL.
*vs.*
CORNELIUS J. DANAHER, Commissioner of Labor and Factory Inspection, Unemployment Division

Superior Court        Hartford County        File No. 63236

MEMORANDUM FILED JANUARY 21, 1941.

*Francis P. Pallotti*, of Hartford, for the Plaintiffs.

*Francis A. Pallotti*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, for the Defendant.

BOOTH, J. This is an appeal from a decree of the administrator of the Unemployment Compensation Division of the Department of Labor and Factory Inspection of this State assessing unemployment contributions against the payrolls of the plaintiffs for the years of 1937 and 1938 under the Unemployment Compensation Act.

The claim of the plaintiffs is that they were not subject to the provisions of the Act for the reason that they did not have five employees in their employment during the period in question. If such claim is founded in fact there would be no basis for the assessment in question, as section 1335e of chapter 280a of the 1939 Supplement to the General Statutes limits the applicability of the Unemployment Compensation Act to such employers as have in their employment five or more employees.

In the present case it is conceded that the plaintiffs conduct a barber shop in the City of Hartford and that in·connection with their business they employ three barbers to whom they pay a weekly wage. In the shop there are also two other individuals, one a bootblack and the other a manicurist. It is also conceded that the three barbers are "employees" of the plaintiffs within the meaning of the Unemployment Compensation Act. The controversy between the parties concerns the status of the bootblack and manicurist.

In so far as the manicurist is concerned the evidence discloses that for the past four years she has been permitted by the plaintiffs to practice her profession in their barber shop, and in connection therewith to use a table and two chairs owned by them, and that she has also been permitted by them to maintain a sign and curtain upon the window of the shop, a screen about the aforesaid table and a lamp and basket upon the table, all of said latter articles except the table being owned by her. She has also been permitted by the plaintiffs to solicit customers for her profession from among such people as patronized their barber shop. She furnished her own tools, paid for her own advertising, fixed her own hours of work and when on vacation furnished and paid for a substitute. She also fixed her own charges for services to her customers, collected and received all of the monies paid by them. She received no monetary compensation from the plaintiffs and paid none to the plaintiffs for the privilege extended to her by them as hereinbefore set forth. A large part of her customers was represented by the patrons of the plaintiffs' barber shop but she also served many who were not included in that group.

In so far as the bootblack is concerned, the evidence discloses that for the past 15 years he has been permitted by the plaintiffs to use a bootblacking chair owned by the plaintiffs

in their barber shop, to maintain a sign upon the window of the shop and to solicit customers who desired his services as a bootblack from among such people as patronized their barber shop. He fixed his own prices for his services to his customers, his own hours of work, and provided his own tools and materials with the exception of the aforesaid chair. A large proportion of his customers were patrons of the barber shop but many were not. He received no pay from the plaintiffs nor did he contribute any money for his privilege. He did, however, sweep the floor of the plaintiffs' shop every morning before the shop was opened, and during the day as occasion required. In addition he removed snow from the sidewalk in front of the shop at such times as it accumulated thereon. In respect to such services as he rendered the plaintiffs, however, he acted in accordance with his own ideas as to the time and necessity therefor, and when unable to perform his work he employed and paid a substitute. In respect to both the manicurist and the bootblack there was no evidence that there was any limitation concerning the time either was to cease his or her activity in the plaintiffs' barber shop. The claim of the plaintiffs is that the two individuals in question are independent contractors while the claim of the defendant is that they are employees within the meaning of the Act.

Employment is defined in section 1334e of chapter 280a of the 1939 Supplement to the General Statutes, as follows: "As used in this chapter, unless the context clearly indicates otherwise, (a) (1) 'Employment', subject to the other provisions of this subsection, shall mean any service, including service in interstate commerce, performed under any express or implied contract of hire creating the relationship of master and servant."

The controlling consideration in determining whether or not the relationship of master and servant exists is whether the claimed employer has the right to control the means and methods of the work involved. *Jack & Jill, Inc. vs. Tone*, 126 Conn. 114, 119; *Beaverdale Memorial Park, Inc. vs. Danaher*, 127 id. 175, 179. Or to put it another way, in determining whether or not the bootblack and manicurist in question were employees of the plaintiffs it was necessary for the administrator of the Unemployment Compensation Division to determine whether or not the contracts existing between the

claimed employer and the claimed employees were contracts of service or for service. *Schriver vs. McLaughlin & Sons,* 227 Iowa 580, 587, 288 N.W. 657, 661.

In the instant case it does not appear that the plaintiffs in fact had the right to control the means and methods of the work performed by the manicurist or the bootblack in question. Neither received any instructions from the plaintiffs concerning the manner in which the work was to be done. Each chose the time during which the work was to be performed; each fixed the prices to be charged therefor. Each furnished all materials and the more important tools necessary to perform the work. Neither received any money from the plaintiffs nor did the plaintiffs exercise any control over the method or manner in which they were to carry on their respective occupations, and neither the bootblack nor the manicurist had any direct dealing with the plaintiffs except to obtain from them concessions permitting them to ply their respective trades upon the premises of the plaintiffs.

Further, it appears that the relationship of the bootblack and manicurist was one of service and not for service to the plaintiffs. The conclusion that neither is an employee of the plaintiffs within the meaning of the Unemployment Compensation Act seems inescapable.

In view of this conclusion, it is found that at the time in question the plaintiffs did not have five employees in their employment and consequently were not subject to the provisions of the Unemployment Compensation Act and that the action of the administrator of the Unemployment Compensation Division in decreeing otherwise was illegal.

For the foregoing reasons the appeal is sustained and the assessment made by the Unemployment Compensation Commission is hereby vacated.